UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. _____-Civ- (Judge last name)
"IN ADMIRALTY"

RED WING EXPLORERS, LLC,

Plaintiff,

vs.

UNIDENTIFIED SHIPWRECKED VESSEL
OR VESSELS, their apparel, tackle,
Appurtenances, and cargo located in the
Atlantic Ocean within a three (3) Nautical
Mile radius of the coordinates 29 Degrees
91.835 Minutes North Latitude, and 86
Degrees 58.253 Minutes West Longitude;

Defendant
_____/

**VERIFIED COMPLAINT**

    **COMES NOW**, the Plaintiff, Red Wing Explorers, LLC, (hereinafter "Plaintiff" or "RWE"), and brings suit *in rem* against the Defendant(s), the Unidentified Shipwrecked Vessel or Vessels, their apparel, tackle, appurtenances, and cargo located within a three (3) Nautical Mile (hereinafter "NM") radius of the coordinates 29 Degrees 91.835 Minutes North (hereinafter "N") Latitude, and 86 Degrees 58.253 Minutes West (hereinafter "W") Longitude (hereinafter "Defendant(s)" or "Vessel(s)"), alleging further that:

    1. This is a case of admiralty and maritime jurisdiction stating a maritime claim with the meaning of Fed. R. Civ. P. Rule 9(h) and Supplemental Admiralty Rules C, D, and E

-1-

as hereinafter more fully appears. This Court has jurisdiction of this cause pursuant to 28 U.S.C. §§ 1331 and 1333.

2. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391. Artifacts recovered from the Vessel(s) are in the District and will be brought within the District during and after appropriate conservation and preservation efforts during the pendency of this action.

3. RWE is a Florida Limited Liability Company having its principal place of business at 231 Manchaug Road, Sutton, MA, 01590.

4. The *in rem* Defendant(s) lies in approximately three hundred and forty (340) feet of seawater approximately 50 miles off of Panama Beach, Florida. All efforts by any previous owner to salvage the vessel(s) and/or its cargo have been long since abandoned; upon information and belief, no extant entity or person presently claims an ownership interest in the vessel(s). The actual value cannot yet be ascertained as very few artifacts have been recovered thus far. Furthermore, this suit is instituted in RWE's behalf and in behalf of all other persons interested or associated with them.

5. RWE, its associates and agents, is the only party that has discovered and/or engages in salvage operations upon the Defendant(s). Therefore, RWE is the only known salvor(s). The Plaintiff and/or its agents have voluntarily and successfully recovered and preserved one important artifact from marine peril. Upon the filing of this action, this artifact will be turned over to the United States Marshal for the Southern District of Florida for symbolic attachment and arrest in rem. RWE's recovery operations have been, and will continue to be, conducted in accordance with all appropriate archaeological protocols.

6. This artifact, as well as any other artifacts recovered pursuant to the salvage operations conducted under the jurisdiction of this Court, will be in the actual and/or constructive possession of this Court or its duly appointed Substitute Custodian during the pendency of this action.

7. This Court has, or will have during the pendency of this action, jurisdiction *in personam* over any potential claimant or competing salvor by virtue of their contracts with this forum, the nature of the Plaintiff's action, the relationship of the potential claimant and/or salvor to the Plaintiff, the forum and the cause of action and/or the principles of jurisdiction by necessity.

8. This Court's exercise of jurisdiction over competing claimants and/or salvors is necessary to prevent irreparable injury to, or destruction of the Vessel(s); to allow the Plaintiff to continue to pursue its ongoing salvage operation without interference; to bring the recovered artifacts within this District; and to prevent destruction of this Court's actual and potential jurisdiction.

9. RWE, Its agents and associates have invested substantial time, money and effort in researching the history of the Vessel(s), in searching for her artifacts, and in locating and initiating the physical recovery of these artifacts.

10. RWE, its agents and associates are actively, voluntarily and successfully engaged in the process of reducing certain artifacts from the Vessel(s) to the Plaintiffs exclusive custody, control, possession and dominion as well as the natural salvaging circumstance permit, and the Plaintiff has the present ability and intention to continue to do so during the pendency of this action.

## COUNT I

### POSSESORY AND OWNERSHIP CLAIM
### PURSUANT TO THE LAW OF FINDS

11. The Plaintiff incorporates herein by reference, its allegations in Paragraphs 1-10 hereinabove.

12. This action arises under Supplemental Admiralty Rule D and general maritime law.

13. The Plaintiff is the rightful salvor in possession of the Vessel(s) and has taken such actions as are necessary to constitute dominion and control of the abandoned shipwreck.

14. As there is no extant owner of the Defendant(s) or her artifacts, pursuant to the maritime law of finds, RWE is entitled to the exclusive title, ownership and possession of the artifacts that it and its agents and associates shall salvage from the Vessel(s) pursuant to this action and under the protection this Court.

## Count II

### SALVAGE AWARD CLAIM

15. The Plaintiff incorporates herein by reference, its allegations in Paragraphs 1-14 hereinabove.

16. This action arises under Supplemental Admiralty Rule C and the general maritime law, as salvage constitutes a preferred maritime lien.

17. The Vessel(s) and its artifacts are subject to marine peril and is in an utterly helpless condition from which they could not be rescued without the voluntary and successful services of RWE, its agents and associates.

18. The Plaintiff is under no legal obligation or official duty to render salvage services to the Vessel(s).

19. The Plaintiff's services have been and will continue to be successful in rescuing and/or helping to rescue artifacts from the Defendant Vessel(s) in order to return the salvages portions of the shipwreck to the stream of commerce from which they were lost.

20. The Plaintiff, by virtue of such services so performed, the private risk, the capital expended, the time spent, and the danger incurred in finding and salvaging artifacts from the Vessel(s), is entitled to a liberal, meet and competent salvage award for such services.

## COUNT III

### SALVAGE OPERATION AND INJUNCTIVE CLAIM

21. The Plaintiff incorporates herein by reference, its allegations in Paragraphs 1-20 hereinabove.

22. The rights and efforts of the Plaintiff, the economic value and integrity of the artifacts sought, the successful recovery of lost and abandoned property at sea, and the safety of life and limb mandate that the Plaintiff be protected by the Court in maintaining exclusive dominion and control of his salvage activities on the Vessel(s) without the interference by third parties.

23. Allowing interference with the Plaintiffs ongoing operations would substantially and irreparably injure the Plaintiff, would be inequitable, would be harmful to the public good, would constitute a significant hazard to safe and successful salvage operations, and would be contrary to a balancing of the respective interests of the parties and the comparative hardships borne.

24. In order to adequately protect the security and the archaeological integrity of the Plaintiff's salvage operations, this Court should enter a preliminary injunction prohibiting any rival salvor(s) from conducting search and/or salvage operations within a three (3) NM radius of the geographic coordinates set forth in the case caption hereof.

**WHEREFORE,** the Plaintiff Prays:

a) That RWE be declared the true, sole and exclusive owner of any items salvaged from the Vessel(s) by it, agents and associated; and

b) In the alternative, that RWE be awarded a liberal salvage award in specie, with the amount and/or composition of such award as may be determined by this Court pursuant to the law of salvage; and

c) That RWE be declared and entitled to the sole and exclusive right to continue its ongoing recovery operations and to salvage, preserve and transact with any artifacts recovered without interference by any third parties, and that any and all such interference be temporarily and permanently enjoined; and

d) That process *in rem* and/or *quasi in rem* and a Warrant of Arrest may issue in due form of law, in accordance with the practice of this Honorable Court in causes of admiralty and maritime jurisdiction against foresaid shipwreck and/or salvage from the Vessel(s) with notice to all persons claiming an interest in the Plaintiff's ongoing salvage operations to appear and answer this Complaint and to show cause as to why the artifacts salvaged from the Vessel(s) by the Plaintiff and its associated should not be:

   i. Delivered to RWE as having full ownership, title, and right to possession thereof, or

  ii. Alternatively, sold or appropriately disposed of in satisfaction of any judgment in favor of RWE for a salvage award;

 e) That RWE may have such other and further relief as the justice of this cause may require.

This 2nd day of December, 2024.

RESPECTFULLY SUBMITTED

MARITIME LAW GROUP, LLC

/s/Charles A. George, Esq.
Fl. Bar No: 110953
Email: charles@george-law.com
Managing Partner
George Law Firm LLC
P.O. Box 1340
Goose Creek, SC 29445-1340
Telephone: 404.441.3100
Facsimile: 843.375.6040
Attorney for Plaintiff Red Wing Explorers

# VERIFICATION

I declare under penalty of perjury, that I am a Managing Member of Red Wing Explorers, LLC. The foregoing factual allegations are true and correct to the best of my knowledge and belief. The sources of my knowledge and information and the grounds of my belief are derived from personal experience in discovering the vessel as well as consultation with other experts in the field.

Executed this __3rd__ day of October, 2024.

_____
RICHARD A. KOHLER
MANAGING MEMBER

The foregoing instrument was acknowledged to me this __3rd__ day of October, 2024, by RICHARD A. KOHLER

_____
Signature of Notary Public- State of Massachusetts

_____
NOTARY PUBLIC

My commission expires: October 3-2025

